UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-65-SEB-KPF-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| EMORY YOUNG | |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:07-cr-00065-SEB-KPF |
| EMORY YOUNG, | ) ) -01 |
| Defendant. | ) ) |

**ORDER**

Defendant Emory Young requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Young's motions are **denied**.

**I. Background**

In 2008, Mr. Young pled guilty to conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846, and 851. Dkt. 313. The Court sentenced him to 262 months of imprisonment and 10 years of supervised release. *Id.* Later, the Court reduced his term of imprisonment to 240 months. Dkt. 432.

Mr. Young filed a pro se motion for compassionate release. Dkt. 449. The Court appointed counsel, and appointed counsel filed an amended motion on his behalf. Dkt. 456. Mr. Young argues that extraordinary and compelling reasons warrant release in this case because he suffers from various medical conditions (including severe head trauma, chronic otitis, and obesity) that increase his risk of experiencing severe symptoms if he contracts COVID-19. *Id.* at 7–11.[1] He admits that

---

[1] In his pro se motion, Mr. Young also argued that extraordinary and compelling reasons warrant relief in this case because he might receive a lower sentence if sentenced today. Dkt. 449 at 1. Mr. Young's counsel did not raise this argument in the amended motion, so the Court considers it waived. Regardless, changes to sentencing laws are not extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A)(i), whether considered alone or in combination with any other factor. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory

he was offered a COVID-19 vaccine and refused it. *Id.* at 13. He also admits that he has not provided a medical justification for refusing the vaccine. Dkt. 459 at 3. He explains, however, that he refused the opportunity to be vaccinated because he was afraid of the side effects it might have. Dkt. 456 at 13–14; dkt. 459 at 3. He argues that his fear is reasonable because he does not have access to the same information as the general public, many prison guards told inmates that they were refusing to be vaccinated, and prisons have a long history of unethical experimentation on prisoners. *See* dkt. 456 at 13–14.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Young's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary

---

minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

3

and compelling reason to release him. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). The Seventh Circuit has also repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Here, Mr. Young has not presented any evidence suggesting that he cannot receive or benefit from a COVID-19 vaccine. He admits that he refused an opportunity to receive the vaccine, but he has not shown that his refusal was medically justified.[2] Accordingly, he has not shown extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i).

Given the determination that Mr. Young has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

---

[2] Although Mr. Young disputes that he should be required to prove that he has a medical justification for refusing the vaccine, *see* dkt. 459, the reasons he has offered for declining the vaccine all relate to his fear of possible side effects or bad consequences. Without minimizing the history discussed in Mr. Young's amended motion, the Seventh Circuit has expressly held that courts need not accept such self-diagnosed skepticism about COVID-19 vaccines. *See Broadfield*, 5 F.4th at 803 ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccinate safe and effective.").

## III. Conclusion

For the reasons stated above, Mr. Young's motions for compassionate release, dkts. [449] and [456], are **denied.**

**IT IS SO ORDERED.**

5/17/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel